1  DAY LAW OFFICES
   MONTIE S. DAY (SBN 073327)
2  Attorney at Law
   P. O. Box 1045
3  Shoshone, Idaho
   Telephone: (208) 280-3766
4
         Attorneys for P. PAUL STORRER
5

6

7

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10

11  P. PAUL STORRER,                    )
                                        )  Case No. C97-04014MJJ
12           Plaintiff,                 )
                                        )
13  vs.                                 )  MEMORANDUM IN SUPPORT OF
                                        )  MOTION TO CONSIDER CASE AS
14  THE PAUL REVERE LIFE                )  RELATED CASE AND TO REASSIGN
    INSURANCE COMPANY, a                )  CASE TO THE HONORABLE
15  Massachusetts corporation,          )  JAMES LARSON
                                        )
16           Defendant.                 )
    _____)
17                                      )
    JOAN HANGARNER,                     )
18                                      )
             Plaintiff,                 )
19                                      )   Related Action:
    vs.                                 )   Case No. C99-5286JL*[1]
20                                      )
    THE PAUL REVERE LIFE               )   Date: None Set
21  INSURANCE COMPANY, a               )
    Massachusetts corporation,          )   .
22                                      )
             Defendant.                 )
23  _____)

24

25

26

27  _____
    [1] This case is closed, judgment having been affirmed by the Ninth Circuit Court of Appeals
28  in *Hangarter v. The Paul Revere Life Insurance Company (9TH Cir) 373 F.3d 998* .
    _____

**INTRODUCTION**

The instant case of *P. Paul Storrer v. The Paul Revere Life Insurance Company, Case No. C97-04014MJJ* ("Storrer v. Paul Revere") , has been concluded with respect to the cause of action for breach of contract and intentional infliction of emotional distress, but the case was appealed with respect to the District Court's ruling with respect to the issues of bad faith (breach of the covenants of good faith) and punitive damages. On appeal, the Ninth Circuit reversed and has remanded the case for further proceedings at the District Court on issues of bad faith (breach of the covenants of good faith) and punitive damages.

With the Honorable Martin J. Jenkins departing the Federal Bench, this case must be reassigned, and considering that the legal issues and the factual issues are essentially the same as the case of *Joan Hangarter v. The Paul Revere Life Insurance Company, Case No. C99-5286JL* which was tried by Judge James Larson, there is good reason for the transfer of the case to Judge James Larson for judicial efficiency.

**ARGUMENTS**

After the *Storrer v. Paul Revere* case was filed, the case of *Joan Hangarter v. The Paul Revere Life Insurance Company, Case No. C99-5286JL* ("Hangarter v. Paul Revere") was filed and proceeded to jury trial with Judge James Larson presiding. The case of *Storrer v. Paul Revere* and *Hangarter v. Paul Revere* were very, very similar both in fact and legal issues, and both involved the same defendant–The Paul Revere Life Insurance Company. Not only did both cases involve the same defendant, but also were factually similar in the following manner (not all inclusive):

1. Both *Storrer v. Paul Revere* and *Hangarter v. Paul Revere* involve the same type of "disability insurance" policy marketed and sold by the defendant;

2. Both *Storrer v. Paul Revere* and *Hangarter v. Paul Revere* involve the same illegal practices of the defendant in targeting high income professional policy holders in California and Florida in order to increase its profit margins;

3. Both *Storrer v. Paul Revere* and *Hangarter v. Paul Revere* involve the systemic

1    and malicious denial of legitimate claims as a matter of company policy in order to increase

2    its profit margins.

3      4. Both *Storrer v. Paul Revere* and *Hangarter v. Paul Revere* involve  the corporate

4    policy of denying claims in bad faith and without a proper and honest investigation of the

5    claim in violation of California law.

6      5. Both *Storrer v. Paul Revere* and *Hangarter v. Paul Revere* involve the disregard

7    of the treating medical care professionals' evaluation in favor of selected "in house"

8    professionals or professionals selected in an unfair or bias method to achieve the denial of

9    the claim.

10     6. Both *Storrer v. Paul Revere* and *Hangarter v. Paul Revere* involve the use of

11   illegal techniques to achieve a company standard of a "termination ratio" in order to achieve

12   the company's profitability forecast.

13     7. Both *Storrer v. Paul Revere* and *Hangarter v. Paul Revere* involve the taking of

14   the determination of disability resulting from health issues from the hands of trained

15   professionals and placing the decision in the hands of "claim adjustors" unqualified to make

16   such determination who where then under pressure to terminate claims.

17     8. Both *Storrer v. Paul Revere* and *Hangarter v. Paul Revere* involve "claim

18   adjustors" who were not provided manuals or guidelines or properly trained as required by

19   California law.

20     **The above list is not all inclusive by any means.  For example, the claim adjustor**

21   **in the case of *Storrer v. Paul Revere* and *Hangarter v. Paul Revere* was the same, Mr.**

22   **Kenneth Seaman, who obviously operated under the same guidelines in both cases**.

23   One can only assume that there was not a separate set of company policies and guidelines for

24   each individual insured.

25     The legal issues are also similar and/or identical, and the same legal principals apply

26   to both *Storrer v. Paul Revere* and *Hangarter v. Paul Revere*.   For example, in both cases

27   the defendant Paul Revere objected to the use of expert testimony on the standards of care

28   and duties of an insurer to the insured.   This issue was decided against Paul Revere by the

1  District Court, and the District Court's decision as affirmed by the Court of Appeals in

2  *Hangarter v. Paul Revere*.   Accordingly, this should be the "law of the case" as applied to

3  the case of *Storrer v. Paul Revere*.     Paul Revere is not entitled to "two bites at the same

4  apple".   Other legal issues are similar, especially when applying the legal principals to the

5  same defendant regarding the same insurance policy.

6          Local Rule for the Northern District of California, *Rule 3-12*, provides that whenever

7  a party knows or learns that an action may relate to another action concerning **substantially**

8  **the same parties**, **the same transactions or events** and it appears to **create an undue**

9  **burdensome duplication of labor and expense** or **conflicting results if the cases were**

10 **tried by different judgment**, the motion for the Court to consider  whether the cases should

11 be related may be filed.  This is exactly the instant motion.    Each of the factors is present

12 in the instant matter.

13

14                              **CONCLUSION**

15          For the reasons set forth above, it is submitted that the instant case should be

16 transferred to the Honorable Judge James Larson and considered related to the case of *Joan*

17 *Hangarter v. The Paul Revere Life Insurance Company, Case No. C99-5286JL*.   Not only

18 is it judicially efficient, such may avoid the risk of inconsistent rulings as to the law

19 involving the same legal and factual issue.

20

21 Date:  February 21, 2008              DAY LAW OFFICES

22                                       /s/ Montie S. Day

23                                       BY:_____

24                                       Montie S. Day, Attorney

25

26

27

28

_____

MEMORANDUM IN SUPPORT OF RELATED CASE TRANSFER         - 4 -