1  THOMAS M. HERLIHY (SBN 83615)
   JOHN T. BURNITE (SBN 162223)
2  KELLY, HERLIHY & KLEIN LLP
   44 Montgomery Street, Suite 2500
3  San Francisco, California 94104-4217
   Telephone: (415) 951-0535
4  Facsimile: (415) 391-7808

5  Attorneys for Defendant
   THE PAUL REVERE LIFE
6  INSURANCE COMPANY

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| P. PAUL STORRER,<br><br>     Plaintiff,<br><br>vs.<br><br>THE PAUL REVERE LIFE INSURANCE COMPANY, a Massachusetts corporation,<br><br>     Defendant. | Case No. C97-04014 MJJ<br><br>**OPPOSITION BY THE PAUL REVERE LIFE INSURANCE COMPANY TO PLAINTIFF'S MOTION TO CONSIDER CASE AS RELATED AND REASSIGNED TO MAGISTRATE JUDGE JAMES LARSON** |

Defendant The Paul Revere Life Insurance Company ("Paul Revere") opposes plaintiff's motion to consider the above-entitled action related to a completely different matter *(Hangarter v. Provident Life and Accident Insurance Company, et al.*, United States District Court for the Northern District of California, Case No. C99-5286JL), as well as the request to have this action assigned to Magistrate Judge James Larson. The motion fails to satisfy the requirement set forth in Local Rule 3-12.

Paul Revere opposes the motion on the following grounds:

1. No related case exists. The above-entitled action is unrelated to *Hangarter v. Provident Life*. The cases involve two different, unrelated, plaintiffs (P. Paul Storrer and Joan Hangarter). The present action involves one defendant, Paul Revere; *Hangarter* involved three defendants (Provident Life, Paul Revere, and UnumProvident Corporation). (*See,* dockets for each case).

2. Plaintiff does not and cannot satisfy Local Rule 3-12 which requires a showing that "the actions concern substantially the same parties, property, or transaction or event; and it appears likely that there will be an unduly burdensome duplication of labor or expense or conflicting results if the cases are conducted by different Judges." L.R. 3-12 (a). Plaintiff has not presented any competent, admissible evidence in support of the motion (*See*, accompanying objections/motion to strike Declaration of Montie Day).

3. The two cases involve a myriad of unique and significant factual differences, including medical, occupational, and claims handling issues.

4. Plaintiff's "law of the case" argument vis-a-vis *Hangarter* is bizarre, unintelligible, and without merit.

5. Plaintiff's motion appears to violate the procedural requirements for an administrative motion. L.R. 3-12.

6. Plaintiff's motion is untimely, and lacks any good cause for the delay in bringing such motion. L.R. 3-12(b). Hangarter was filed in 1999, with a final judgment affirmed in 2004.

7. The Declaration of Montie Day should be stricken on the grounds that it fails to make

-1-

1 any showing of personal knowledge.  L.R. 7-5(a).  It also should be stricken because it is based on
2 conclusions and argument, and consists of hearsay.   L.R. 7-5(b).
3     8.    Paul Revere does not consent to Magistrate Judge Larson hearing the above-captioned
4 matter.
5     9.    The lack of merit in plaintiff's motion implicates Rule 11 concerns.
6 Based upon the foregoing, Paul Revere respectfully requests that the Court deny plaintiff's
7 motion.

KELLY, HERLIHY & KLEIN, LLP

Date: February 26, 2008          By_____/s/_____
                                                             John T. Burnite
                                                            Attorneys for Defendant
                                                            THE PAUL REVERE LIFE
                                                            INSURANCE COMPANY

E:\25165\P07.wpd

-2-