United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STORRER, | No. C97-04014 MJJ |
| Plaintiff, | **ORDER DENYING MOTION TO CONSIDER CASES AS RELATED AND TO REASSIGN CASE TO HONORABLE JAMES LARSON** |
| v. | |
| PAUL REVERE LIFE INS, | |
| Defendant. | |

Before the Court is Plaintiff P. Paul Storrer's Motion To Consider Case As Related Case And To Reassign Case To The Honorable James Larson. (Docket No. 203.) Defendant The Paul Revere Life Insurance Company opposes the Motion.

Plaintiff seeks to have this matter related to Case No. C99-5286JL, a later-filed matter that has been entirely resolved and closed, with judgment having been affirmed by the Ninth Circuit. *See Hangarter v. The Paul Revere Life Insurance Company*, 373 F. 3d 998 (9th Cir. 2004). Plaintiff also seeks to have this case reassigned to Magistrate Judge James Larson, who presided over that case when it was before the district court.

The Court finds that Plaintiff's request to relate the two cases does not satisfy the relevant standard. Irrespective of the amount of factual or legal overlap between the two cases – which is disputed by the parties – Plaintiff has not established that it is "likely that there will be an unduly burdensome duplication of labor and expenses or conflicting results if the cases are conducted before different Judges." Civil Local Rule 3-12(a)(2). The fact that the *Hangarter* case has been entirely

1 resolved cuts against any such finding, because there remains little risk that conflicting decisions
2 might simultaneously issue out of two different cases due to a lack of coordination between judges
3 overseeing live matters. To the extent any rulings in the *Hangarter* case should, as Plaintiff
4 contends, either bind Defendant or constitute controlling precedent, such rulings are now a matter of
5 settled public record and the effect of such rulings on this matter can be fully vetted without relating
6 the cases.

7 The Court also finds that Plaintiff's request that this matter be reassigned to a particular
8 judge, Magistrate Judge Larson, should be rejected because of the attendant risks of judge-shopping.
9 Such a transfer order would likely be futile anyway given Defendant's representation, in its
10 opposition, that it would not consent to having Magistrate Judge Larson hear this matter were it
11 reassigned to him. On this record, Plaintiff has failed to establish that Defendant has somehow
12 waived its right to object to Judge Larson merely because of a purported failure by Defendant to
13 notify the Northern District, at an earlier stage of the proceedings, that the two cases might be
14 related.

15 For the foregoing reasons, the Court **DENIES** Plaintiff's Motion.

17 **IT IS SO ORDERED.**

20 Dated: March 6, 2008

MARTIN J. JENKINS
UNITED STATES DISTRICT JUDGE

2