DAY LAW OFFICES
MONTIE S. DAY (SBN 073327)
Attorney at Law
P. O. Box 1045
Shoshone, Idaho
Telephone: (208) 280-3766

Attorneys for P. PAUL STORRER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| P. PAUL STORRER,<br><br>Plaintiff,<br><br>vs.<br><br>THE PAUL REVERE LIFE INSURANCE COMPANY, a Massachusetts corporation,<br><br>Defendant.<br>_____ | ) Case No. C97-04014MJJ<br>)<br>) PLAINTIFF'S SPECIAL<br>) INITIAL CASE<br>) MANAGEMENT CONFERENCE<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**INTRODUCTION**

The instant case of *P. Paul Storrer v. The Paul Revere Life Insurance Company, Case No. C97-04014MJJ* ("Storrer v. Paul Revere") , has been concluded with respect to the cause of action for breach of contract and intentional infliction of emotional distress, but the case was appealed with respect to the District Court's ruling with respect to the issues of bad faith (breach of the covenants of good faith) and punitive damages.   On appeal, the Ninth Circuit reversed and has remanded the case for further proceedings at the District Court  on issues of bad faith (breach of the covenants of good faith) and punitive damages.

**INITIAL STATUS**

After the *Storrer v. Paul Revere* case was filed, the case of *Joan Hangarter v. The*

*Paul Revere Life Insurance Company, Case No. C99-5286JL* ("*Hangarter v. Paul Revere*") was filed, proceed to a jury including the issue of punitive damages (which Storrer was not permitted to do), resulted in a jury verdict in excess of $5,000,000.00, and the verdict was affirmed at the Court of Appeal. It is plaintiff's position that the cases are very similar and the only substantial difference is that the issue was tried and submitted to a jury. Defendant disagrees.

It is plaintiff's position that the instant case of *Storrer v. Paul Revere* and *Hangarter v. Paul Revere* were very, very similar both in fact and legal issues, and both involved the same defendant–The Paul Revere Life Insurance Company. Not only did both cases involve the same defendant, but also were factually similar in the following manner (not all inclusive):

1. Both *Storrer v. Paul Revere* and *Hangarter v. Paul Revere* involve the same type of "disability insurance" policy marketed and sold by the defendant;

2. Both *Storrer v. Paul Revere* and *Hangarter v. Paul Revere* involve the same illegal practices of the defendant in targeting high income professional policy holders in California and Florida in order to increase its profit margins;

3. Both *Storrer v. Paul Revere* and *Hangarter v. Paul Revere* involve the systemic and malicious denial of legitimate claims as a matter of company policy in order to increase its profit margins.

4. Both *Storrer v. Paul Revere* and *Hangarter v. Paul Revere* involve the corporate policy of denying claims in bad faith and without a proper and honest investigation of the claim in violation of California law.

5. Both *Storrer v. Paul Revere* and *Hangarter v. Paul Revere* involve the disregard of the treating medical care professionals' evaluation in favor of selected "in house" professionals or professionals selected in an unfair or bias method to achieve the denial of the claim.

6. Both *Storrer v. Paul Revere* and *Hangarter v. Paul Revere* involve the use of illegal techniques to achieve a company standard of a "termination ratio" in order to achieve

the company's profitability forecast.

7. Both *Storrer v. Paul Revere* and *Hangarter v. Paul Revere* involve the taking of the determination of disability resulting from health issues from the hands of trained professionals and placing the decision in the hands of "claim adjustors" unqualified to make such determination who where then under pressure to terminate claims.

8. Both *Storrer v. Paul Revere* and *Hangarter v. Paul Revere* involve "claim adjustors" who were not provided manuals or guidelines or properly trained as required by California law.

**The above list is not all inclusive by any means. For example, the claim adjustor in the case of *Storrer v. Paul Revere* and *Hangarter v. Paul Revere* was the same, Mr. Kenneth Seaman, who obviously operated under the same guidelines in both cases**. One can only assume that there was not a separate set of company policies and guidelines for each individual insured.

The legal issues are also similar and/or identical, and the same legal principals apply to both *Storrer v. Paul Revere* and *Hangarter v. Paul Revere*.   For example, in both cases the defendant Paul Revere objected to the use of expert testimony on the standards of care and duties of an insurer to the insured.   This issue was decided against Paul Revere by the District Court, and the District Court's decision as affirmed by the Court of Appeals in *Hangarter v. Paul Revere*.   Accordingly, this should be the "law of the case" as applied to the case of *Storrer v. Paul Revere*.    Paul Revere is not entitled to "two bites at the same apple".   Other legal issues are similar, especially when applying the legal principals to the same defendant regarding the same insurance policy.

## CURRENT STATUS

### Status of the Parties/Discovery

Due to he passage of time, plaintiff will seek to amend the complaint to add Unum Provident Insurance which is the insurance company which acquired Paul Revere Life Insurance and which at the end of the underlying action was the entity which plaintiff was dealing with.

1      In addition, plaintiff intends to seek to re-open discovery for two reasons.  First, it is

2   plaintiff's position that it became obvious through the documents referred to and revealed

3   during the *Hangarter* case that the defendant provided false, incomplete and/or misleading

4   discovery during the discovery phase of the instant case.  Second, due to the passage of time

5   and the changes in personnel and/or unavailability of witnesses, additional discovery will be

6   required.

7                        **REQUEST FOR EARLY MEDIATION**

8      Plaintiff's counsel has discussed with Mr. Thomas M. Herlihy, counsel for the

9   defendant, the possibility of an early mediation attempt to resolve the remaining issues before

10  undertaking the additional pleadings and discovery and preparing for a new trial of this

11  action.    Both counsel appear in agreement that before any action is taken, and with the

12  history of this case and what is already known, the opportunity at least presents itself in such

13  a way that such an early mediation with a Magistrate Judge may be beneficial.    It was

14  agreed by counsel that the request for assignment for purpose of mediation would be made

15  at this initial case management conference.

16

17

18  Date:  April 22, 2008                    DAY LAW OFFICES

19                                           /s/ Montie S. Day

20                                           BY:_____

21                                           Montie S. Day, Attorney

22

23

24

25

26

27

28

_____

PLAINTIFF'S INITIAL CMC STATEMENT                 - 4 -