UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| P. PAUL STORRER,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>THE PAUL REVERE LIFE INSURANCE COMPANY, a Massachusetts corporation,<br><br>　　　　Defendant. | Case No:  C 97-04014 SBA<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>[Docket 253] |

　　　　This is a diversity jurisdiction insurance bad faith case brought by P. Paul Storrer ("Plaintiff") against his insurer, The Paul Revere Life Insurance Company ("Defendant").  The parties are presently before the Court on Defendant's renewed Motion for Partial Summary Judgment [Docket 253], which is directed to Plaintiff's claim for punitive damages.  Having read and considered the papers filed in connection with this matter, and being fully informed, the Court hereby DENIES the motion for the reasons set forth below.  The Court, in its discretion, finds this matter suitable for resolution without oral argument.  See Fed.R.Civ.P. 78(b).

**I.　　BACKGROUND**

　　　　In or about 1993, Plaintiff submitted a claim for disability benefits to Defendant.  Plaintiff claimed that he was suffering from major depression, which rendered him unable to continue working as a college professor.  The parties dispute what transpired thereafter regarding the handling of his claim.  Defendant contends that it diligently sought to obtain information from Plaintiff to investigate his claim, but that he was uncooperative.  Plaintiff, on the other hand, alleges that he provided Defendant with all of the information sought, including the medical releases it had requested to evaluate his claim.  Defendant allegedly ignored the medical records corroborating his condition, and instead, relied on the opinion of its medical consultant, Dr.

Stephen Greenburg, who opined that Plaintiff's professed inability to work was a lifestyle choice and was not attributable to his depression.

On October 31, 1997, Plaintiff filed a Complaint in this Court against Defendant, alleging causes of action for: (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; (3) fraud and deceit; and (4) intentional infliction of emotional distress ("IIED"). The case was originally assigned to the Honorable Martin J. Jenkins who, on April 3, 2000, granted Defendant's motion for summary judgment on all claims, except for breach of contract. Judge Jenkins deemed Plaintiff's request for punitive damages moot in view of his ruling. Plaintiff appealed.

On February 5, 2007, the Ninth Circuit upheld summary judgment as to the claims for fraud and IIED.[1] However, the court reversed the judgment as to Plaintiff's claim for breach of the implied covenant of good faith and fair dealing (i.e., the "bad faith" claim) and remanded the action "for a determination of Storrer's punitive damage claim." See Storrer v. The Paul Revere Life Ins. Co., 2007 WL 387590 at *2 (9th Cir. 2007). The case was remanded to Judge Jenkins for further proceedings, and later was reassigned to this Court.

Defendant has now filed a motion for partial summary judgment, which is directed at Plaintiff's request for punitive damages only. Defendant contends that a jury finding of bad faith standing alone is insufficient to justify the imposition of punitive damages, and that Plaintiff will be unable to make the requisite showing of fraud, oppression or malice at trial to support a punitive damage award. In response, Plaintiff argues that there is ample evidence to show that Defendant's investigation of his claim was a sham, that it intentionally disregarded medical evidence of his disability, refused to have Plaintiff examined and unreasonably relied on the opinion of its own consultant as a basis to deny his claim.

## II. LEGAL STANDARD

Rule 56(c) of the Federal Rules of Civil Procedure authorizes summary judgment if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of

---

[1] The breach of contract claim was later resolved and was not presented on appeal.

1  law.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).  The moving party bears
2  the initial burden of demonstrating the basis for the motion and identifying the portions of the
3  pleadings, depositions, answers to interrogatories, affidavits, and admissions on file that establish
4  the absence of a triable issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).
5  If the moving party meets this initial burden, the burden then shifts to the non-moving party to
6  present specific facts showing that there is a genuine issue for trial.   Fed.R.Civ.P. 56(e); Celotex,
7  477 U.S. at 324; Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986).
8  An issue of fact is "material" if, under the substantive law of the case, resolution of the factual
9  dispute might affect the outcome of the claim.  See Anderson, 477 U.S. at 248.  Factual disputes
10 are genuine if they "properly can be resolved in favor of either party."  Id. at 250.  Accordingly, a
11 genuine issue for trial exists if the non-movant presents evidence from which a reasonable jury,
12 viewing the evidence in the light most favorable to that party, could resolve the material issue in
13 his or her favor.  Id.

## III.  DISCUSSION

Under California law, punitive damages are available to a plaintiff who proves by clear and convincing evidence that the defendant is guilty of oppression, fraud, or malice.  Cal. Civ.Code § 3294(a).  "In the usual case, the question of whether the defendant's conduct will support an award of punitive damages is for the trier of fact, since the degree of punishment depends on the peculiar circumstances of each case."  Spinks v. Equity Residential Briarwood Apartments, 171 Cal.App.4th 1004, 1053 (2009) (internal quotations and citation omitted); accord Egan v. Mutual of Omaha Ins. Co., 24 Cal. 3d 809, 821 (1979) ("Determinations related to [the] assessment of punitive damages have traditionally been left to the discretion of the jury."); Amadeo v. Principal Mut. Life Ins. Co., 290 F.3d 1152, 1165 (9th Cir. 2002) (same).  Summary judgment on a claim for punitive damages is proper only "when no reasonable jury could find the plaintiff's evidence to be clear and convincing proof of malice, fraud or oppression."  See Hoch v. Allied-Signal, Inc., 24 Cal.App.4th 48, 60-61 (1994).

Defendant contends that proof of bad faith alone is insufficient to justify an award of punitive damages, and that Plaintiff cannot show the requisite fraud, oppression or malice.  While it

1  is true that a breach of the implied covenant of good faith and fair dealing does not automatically
2  give rise to punitive damages, courts have found that a claim for punitive damages should be
3  considered at the same time as the bad faith claim, since the issues germane to both may be
4  interrelated.  See R & R Sails, Inc. v. Ins. Co. of Pa., 610 F. Supp. 2d 1222, 1234 (S.D. Cal. 2009)
5  ("Given that material issues of fact exist as to whether Defendant acted in bad faith, the Court
6  cannot conclude as a matter of law that Defendant did not act with malice, oppression, or fraud in
7  its handling of Plaintiff's claim." ); Back v. Allstate Ins. Co., Inc., 2005 WL 1683885, at *10 (E.D.
8  Cal. 2005) ("Because ... the court cannot resolve the bad faith question, summary judgment as to
9  punitive damages must also be denied.").  Since the Ninth Circuit has held that there are disputed
10 issues of fact regarding Plaintiff's bad faith claim, the Court is not in a position to preclude a
11 punitive damage award on summary judgment.
12     The above notwithstanding, Defendant has failed to carry its initial burden on summary
13 judgment of proving the absence of any triable issue of fact.  Defendant contends that it cannot be
14 held liable for punitive damages on the grounds that it allegedly had justifiable reasons for denying
15 Plaintiff coverage.  (Mot. at 7-8; Greenburg Decl. ¶¶ 2, 14.)  However, in advancing this argument,
16 Defendant's does little more than reargue the merits of its bad faith claim, which the Ninth Circuit
17 already has reinstated.  Moreover, Plaintiff has presented evidence suggesting that Defendant
18 intentionally truncated its claims investigation as a ruse to obfuscate its improper denial of
19 insurance benefits.  There is evidence showing that Defendant had access to—but chose to
20 ignore—diagnostic information from numerous physicians and mental care providers confirming
21 that Plaintiff was suffering from major depression, which had a negative effect on his ability to
22 work.  (See, e.g., Day Decl. Ex. A [Docket 34]; id. ¶ 3 [Docket 72]; Haverkamp Decl. Ex. A
23 [Docket 34].)  Yet, Defendant ignored those findings and instead chose to rely on the review of Dr.
24 Greeberg, its in-house consultant, to justify its denial of benefits.  In addition, when Plaintiff
25 became aware of Defendant's intention to deny benefits, he pleaded with them, without success, to
26 conduct an independent medical evaluation by medical professionals of Defendant's choice.
27 (Storrer Decl. ¶ 6 [Docket 34]; Robinson Decl. ¶ 4 [Docket 34].)
28

1  Viewed most favorably to Plaintiff, there is sufficient evidence for a reasonable jury to find
2  that the denial of his claim resulted from Defendant's allegedly deliberate circumscription of its
3  investigation in an attempt to deny benefits. Such conduct is sufficient to avoid summary judgment
4  on Plaintiff's claim for punitive damages. See Amadeo, 290 F.3d at 1164-65 (reversing grant of
5  summary judgment on punitive damage claim where the evidence suggested that the denial of
6  benefit resulted from "[the insurer's] plainly unreasonable interpretation of its policy and the
7  deliberate restriction of its investigation in a bad faith attempt to deny benefits due to [its
8  insured]."); Hughes v. Blue Cross of N. Cal., 215 Cal. App. 3d 832, 858-59 (1989) (upholding
9  award of punitive damages where denial of insurance claim was "product of ... fragmentary
10 medical records, a cursory review of the records, ... [a] disclaimer of any obligation to investigate,
11 [and] the use of a standard ... at variance with community standards").[2]

## IV.  CONCLUSION

For the reasons stated above,

IT IS HEREBY ORDERED THAT Defendant's renewed Motion for Partial Summary Judgment (Docket 253) is DENIED.

IT IS FURTHER ORDERED THAT the Case Management Conference previously set for June 30, 2009 is CONTINUED to **July 9, 2009 at 3:00 p.m.** The parties shall meet and confer prior to the conference and shall prepare a joint Case Management Conference Statement which shall be filed no later than ten (10) days prior to the Case Management Conference that complies with the Standing Order for All Judges of the Northern District of California and the Standing Order of this Court. Plaintiff shall be responsible for filing the statement as well as for arranging

---

[2] Along with its reply brief, Defendant filed Objections to Plaintiff's Request for Judicial Notice ("Objections to RJN") (Docket 259) and Objections to the April 21, 2009 Declaration of Montie Day (Docket 260). In its Objections to RJN, Defendant objects to the Court taking judicial notice of the court files in this case and in Hartinger v. Paul Revere Life Ins. Co., as well as documents from an investigation by the California Department of Insurance in which Defendant was fined $8 million for its deceptive and fraudulent claims practices. As the Court is not relying on the allegedly objectionable evidence to resolve the instant motion, these objections are overruled as moot.

1  the conference call.  All parties shall be on the line and shall call (510) 637-3559 at the above
2  indicated date and time.
3      IT IS SO ORDERED.

5  Dated: June 30, 2009

     _____
     HON. SAUNDRA BROWN ARMSTRONG
     United States District Judge